O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RHONDA LUCKETT, | ) | Case No. CV 11-08296 DDP |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| v. | ) | **TO SET ASIDE DECLARATION OF** |
| | ) | **FORFEITURE** |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) ) | |
| | ) | [Dkt. No. 1] |
| Defendants. | ) | |
| _____ | ) ) | |

Presently before the court is movant Rhonda Luckett ("Luckett")'s Motion Requesting Court to Set Aside the Declaration of Forfeiture of $34,216.00 U.S. Currency ("Motion"). Having considered the submissions of the parties, the court denies the motion and adopts the following order.

**I.   Background**

On February 6, 2008, law enforcement officers searched a house shared by Luckett and her partner, Nathaniel Newhouse ("Newhouse") in connection with an investigation of Newhouse. Officers presented Luckett with a search warrant prior to conducting the search. (Opp. to Mot., Ex. B at 22.) Officers seized, among other items,

$34,216.00 in cash ("the money") and gave Luckett a receipt for the items seized.  (Id. at 23, 27; Mot. at 1).

A forfeiture notice, addressed to Newhouse, was subsequently mailed to the house. (Opp., Ex. C at 6.)  The mailing provided notice that the money had been seized for forfeiture because it was related to violations of the Controlled Substances Act and described procedures whereby a claimant could contest the forfeiture.[1] (Id.) Luckett, apparently having received the notice, contested the forfeiture in accordance with the instructions set forth in the mailed notice and requested that the money be released to her.  (Id. at 7, 12-14.) Nevertheless, the money was declared forfeited through administrative proceedings on May 12, 2008. (Mot. at 2.)  Luckett now seeks to set aside the declaration of forfeiture, pursuant to to 18 U.S.C. § 983(e).

**II.  Discussion**

Under 18 U.S.C. § 983, a person who is entitled to written notice of a nonjudicial forfeiture proceeding who does not receive such notice may file a motion to set aside a declaration of forfeiture.  18 U.S.C. § 983(e)(1).  The motion shall be granted if (A) the government knew or should have known of the claimant's interest and failed to take reasonable steps to provide written notice and (B) the claimant did not know or have reason to know of the seizure within sufficient time to file a timely claim.  Id. While this court may review the procedural aspects of a challenged forfeiture, the court does not have jurisdiction to consider the

---

[1] Newhouse was ultimately convicted of three counts of possessing controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

2

1  merits of the forfeiture determination.  Mesa Valderrama v. United
2  States, 417 F.3d 1189, 1196 (11th Cir. 2005); United States v.
3  Stevens, No. CR 04-00289 WBS, 23009 WL 55919 at *1 (E.D. Cal.
4  January 7, 2009); See also Bentley v. Bureau of Alcohol, Tobacco,
5  Firearms, and Explosives, 414 Fed. Appx. 28 at *3 (9th Cir. 2011).
6        18 U.S.C. § 983(e)(1)(B) requires that the moving party did
7  not know, or did not have reason to know, of the seizure within
8  sufficient time to file a claim.  Here, Luckett not only had
9  knowledge of the seizure, but did, in fact, request return of the
10 money prior to the declaration of forfeiture.  Luckett cannot,
11 therefore, show that the requirements of 18 U.S.C. § 983(e)(1) are
12 met.

**III. Conclusion**

     For the reasons stated above, Luckett's Motion Requesting Court to Set Aside the Declaration of Forfeiture of $34,216.00 U.S. Currency is DENIED.

IT IS SO ORDERED.


Dated: May 22, 2012
                                    DEAN D. PREGERSON
                                    United States District Judge